# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

AMERICAN FAMILY MUTUAL, )
INSURANCE COMPANY, )
                Plaintiff, )
)
v. ) Case No. 09-00957-CV-W-FJG
)
JAMES MORGAN MCALISTER III, et al., )
                Defendants. )

## ORDER

Pending before the Court is plaintiff's Motion for Summary Judgment (Doc. No. 11), defendants' Joint Motion to Dismiss (Doc. No. 21), and defendants' Joint Motion for Extension of Time to File Answer (Doc. No. 25).

**I.    BACKGROUND**

On August 5, 2009, an automobile accident occurred in Blue Springs, Missouri, involving an automobile driven by defendant Grant Brown, a motorcycle driven by defendant David Eickhoff, a motorcycle driven by defendant James Morgan McAlister and an automobile driven by defendant Ivan Kolenko. The vehicle defendant Brown drove at the time of the accident was a 1995 Mitsubishi ("Accident Vehicle"), which he and/or his father, Patrick Brown, own. The Missouri State Highway Patrol's accident report indicates that the Accident Vehicle was insured by American Family Mutual Insurance Company ("American Family"). Ezra and Stacy Buck are the stepfather and mother of defendant Brown and, at all relevant times, held American Family auto insurance policies for a 2004 Cadillac and a 2005 Chevrolet.

Defendants David and Serena Eickhoff and James Morgan and Earlene McAlister, allege they have suffered injuries and damages from the August 5, 2009 accident. After

the accident, Mr. Eickhoff and Mr. McAlister each sent letters to American Family demanding payment of the liability limits of any applicable insurance policies as compensation for their injuries.[1] On September 24, 2009, American Family paid the Eickhoffs a settlement in the form of two checks, totaling $100,000,[2] and paid Mr. McAlister a settlement check in the amount of $100,000. The Eickhoff's and Mr. McAlister disputed the amount of liability coverage to which they were entitled, and shortly thereafter each retained counsel.

On November 10, 2009, American Family filed a declaratory judgment action in this Court, seeking a declaration as to whether the Bucks' two insurance policies cover Brown and the Accident Vehicle for the August 5, 2009, automobile accident, and the rights and duties thereunder. On November 19, 2009 James and Earlene McAlister filed a suit in the Circuit Court of Jackson County, Missouri, against Grant Brown for their injuries suffered and damages related to the automobile accident. On December 2, 2009, defendants David and Serena Eickhoff filed suit in the Circuit Court of Jackson County, Missouri, against American Family, Grant Brown, Ezra Buck, Stacy Buck, James McAlister III and Ivan Kolenko. The Eickhoffs seek a declaration of (1) what liability policies cover the claims arising from the Aug 5, 2009 accident, (2) enforcement of the settlement for the applicable liability limits with American Family, the Bucks and Grant Brown, and (3) for declaration as to whether the Popham Law Firm can disburse the $100,000 to the Eickhoffs.

---

[1] Mr. Eickhoff's letter was on behalf of him and his wife, and Mr. McAlister's letter was for his own behalf only. Mrs. McAlister became a plaintiff when the McAlisters commenced their state court action on November 19, 2009.

[2] The checks remain in possession of the Eickhoff's counsel, the Popham Law Firm.

## II.     DISCUSSION

The threshold issue is whether the Court should proceed with American Family's declaratory judgment action in light of the Eickhoffs' lawsuit filed in state court.

When a pending parallel state action involves the same parties as in a federal declaratory action, the district court has broad discretion to abstain in proceeding with the federal declaratory action. Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008).

> [T]he parallel state court proceeding must present the same issues, not governed by federal law, between the same parties, and the court must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether the necessary parties have been joined, whether such parties are amenable to process in that proceeding.

Id. (internal quotations and citations omitted).

Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F.3d 994, 997 (8th Cir. 2005) (citing New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir.1991)). If a parallel state proceeding is pending, the Supreme Court has noted that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory suit[.]" Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). The "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

Defendants argue the Court should dismiss the action because the central issue in both federal and state court proceedings is the same; that is, whether Ezra and Stacey Bucks' insurance policies provide coverage for the defendants' claims arising from the

August 5, 2009 accident. Further, defendants argue there are no issues of federal law because insurance contracts are governed by state law; thus, the Bucks' insurance policies will be interpreted according to Missouri state law. Finally, defendants argue that American Family can dispute defendant Brown's coverage under the Bucks' policies as an affirmative defense in the state action.

The Court agrees with defendants that the issue of whether the Bucks' insurance policies provide coverage for defendants' claims can be effectively presented and adjudicated in the state court proceedings. Not only can the state court determine the central coverage issue for which American Family seeks declaratory judgment, but it is also in the best position to resolve the settlement disputes that occurred between the Eickhoffs' and Mr. McAlister, and American Family.

Plaintiff American Family opposes dismissal, primarily on the ground that it filed its declaratory judgment action in federal court first, and, therefore, this Court has priority to consider the case. That without compelling circumstances, which plaintiffs argue does not exist here, there is no prejudice to defendants in adjudicating their claims by way of filing counterclaims to the instant action. The Court disagrees with plaintiff that the first-to-file rule applies, and finds it is well within its discretion to decline to assert jurisdiction. In Capitol Indemnity Corp. v. Haverfield, the Eighth Circuit held that the district court erred by adjudicating the federal declaratory action even though it was filed six months before the tort victims filed a petition to collect insurance proceeds in state court. 218 F.3d 872, 875 (8th Cir. 2000); see also Wilton, 515 U.S. 277 (affirming district court's refusal to adjudicate federal declaratory action even though the state action was filed after the federal declaratory action). Thus, that American Family filed its declaratory judgment action in

advance of the Eickhoff's petition in state court is of no consequence. By declining to hear this action in favor of the state court proceeding, the Court is promoting judicial economy and efficiency, and potentially inconsistent interpretations of the Bucks' insurance policies. Accordingly, the Court declines to exercise its jurisdiction over plaintiff's declaratory judgment action.

Following a decision to abstain from adjudicating a declaratory action, the court has discretion to either dismiss or stay the federal action, although the preferable course is for the court to stay a declaratory judgment action when the basis for abstention is a parallel state proceeding. Royal Indem. Co., 511 F.3d at 797. However, if the court can see no reason why this action should return to federal court, it is appropriate to dismiss the declaratory judgment action. See Capitol Indem. Corp., 218 F.3d at 875 n.2. In deciding whether to dismiss the case, a court should consider the "scope of the state proceedings, the possibility of delay or procedural inadequacy in the state proceedings, the possibility that another federal action will be time-barred should the instant suit be dismissed, and any other appropriate factor." U.S. v. City of Las Cruces, 289 F.3d 1170, 1193 (10th Cir. 2002); see also Federal Ins. Co. v. Sprint Corp., 293 F. Supp. 2d 1245, 1248 (D. Kan. 2003) (holding that dismissal of federal declaratory action was more appropriate than a stay because the court "[did] not anticipate a return to federal court or a 'significant possibility of delay or other procedural inadequacy in the state proceedings'").

Here, the Court finds that the scope of the state proceedings is broad enough to fully resolve the coverage defenses that plaintiff seeks to assert in the instant action. As discussed, the state proceedings can determine the central coverage issue, which is governed by Missouri law, and adjudicate the defendants' claims for relief accordingly. The

5

Court foresees no issues with procedural inadequacy, nor has the plaintiff raised such concerns.  For the foregoing reasons, the Court dismisses dismisses plaintiff's Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' Joint Motion to Dismiss (Doc. No. 21), and **DENIES AS MOOT** the remaining pending motions.  The Court **DISMISSES** this action without prejudice.

**IT IS SO ORDERED**.


Date: February 5, 2010                 **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                         Chief United States District Judge